# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | )   Case No. 1:08CR00052-001 |
| | ) |
| v. | )   **OPINION** |
| | ) |
| **DONNELL EDWARD CALLAHAM,** | )   By:  James P. Jones |
| | )   United States District Judge |
| Defendant. | ) |

*Whitney D. Pierce*, Assistant United States Attorney, Abingdon, Virginia, for United States; *Donnell Edward Callaham,* Defendant Pro Se.

The defendant, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255, arguing that his conviction for possessing a firearm while being a convicted felon is unlawful in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  The United States has filed a motion to dismiss, to which the movant has responded.  Upon review of the record, I find that the § 2255 motion is untimely and will accordingly dismiss it.

I.

After pleading guilty on February 25, 2009, the defendant was sentenced by this Court to 324 months imprisonment, consisting of separate terms as to each of the four counts of the Indictment.  Count One charged the defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), to which he was sentenced to 120 months, consecutive with the same sentence on Count Two,

which charged him with possession of stolen firearms, in violation of 18 U.S.C. § 922(j).

In Callaham's § 2255 motion, placed in the prison mail system by him on October 2, 2020, Mot. 13, ECF No. 130, he contends that his guilty plea to Count One was invalid. The Supreme Court in *Rehaif* held that § 922(g) requires "knowledge of [the] status" that renders firearm possession unlawful. 139 S. Ct. at 2197. The defendant claims he entered his guilty plea without knowledge of this requirement of his prohibited status. By Order entered October 16, 2020, the court advised Callaham that his motion appeared to be untimely under 28 U.S.C. § 2255(f) and would be summarily dismissed on that ground unless he provided additional information or argument demonstrating that his claims should be addressed on the merits. Callaham responded, asserting that he is entitled to equitable tolling of the statutory filing period because of the COVID-19 pandemic.

## II.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The defendant asserts his claim under (3). Callaham's motion is clearly untimely, even assuming that *Rehaif* applies to cases on collateral review. The one-year window for filing a § 2255 motion based on the *Rehaif* decision ended on June 21, 2020. Callaham did not file his motion until October 2, 2020, at the earliest, more than a year outside the one-year filing period under § 2255(f)(3).

The defendant asserts that he could not file a timely § 2255 motion because the Bureau of Prisons, in response to the COVID-19 pandemic, instituted a comprehensive "Stay in Shelter" action plan in order to halt the spread of the virus. As such, Callaham argues the statute of limitations should be tolled for equitable reasons.

Equitable tolling is rarely applicable. *See, e.g.*, *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). This remedy is available only if the defendant "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). Specifically, Callaham must show how an exceptional circumstance "beyond his control or external to his own conduct. . . prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

Callaham asserts the prison lockdowns, beginning in April 2020, prevented him from accessing the law library and properly preparing a timely motion. Resp. 2, ECF No. 135. He alleges that he asked the prison officials for assistance, but they denied it, only allowing those with pending cases to access the law library. *Id.* However, Callaham has not shown any evidence of circumstances preventing him from accessing the law library before lockdowns began. The *Rehaif* decision was handed down June 21, 2019, and the lockdowns in BOP facilities did not begin until April 2020. This left approximately nine months for the defendant to work on his § 2255 motion with free access to the law library, and Callaham has provided no evidence that he had exercised his due diligence during that nine-month period. Courts have held that "the COVID-19 pandemic does not automatically warrant equitable tolling for any movant who seeks it on that basis. The movant must establish that he was pursuing his rights diligently," *Howard v. United States*, No. 4:20-CV-1632 JAR, 2021 WL 409841, *3 (E.D. Mo. Feb. 5, 2021). In short, "prisoners are not entitled to equitable tolling if there is no evidence that they

- 5 -

diligently pursued their right to file a § 2255 motion prior to the lockdowns." *United States v. Thomas*, No. 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020).

III.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: June 4, 2021

/s/  JAMES P. JONES
United States District Judge